UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL LYNN GABRIEL,<br><br>Plaintiff,<br><br>v.<br><br>SHIRLEY N WEBER,<br><br>Defendant. | Case No. 21-CV-05605-LHK<br><br>**ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 7 |

On July 29, 2021, Plaintiff filed *pro se* the instant motion for an ex parte temporary restraining order ("TRO") against California's Secretary of State Shirley N. Weber. ECF No. 7. Plaintiff purports to act on behalf of the United States. *See* Proposed Order, ECF No. 7-4 ("Plaintiff United States' Ex Parte Application"); ECF No. 7 ¶ 13 (referring to "concurrently filed Memorandum of United States"). Plaintiff asks the Court to (1) delay California's upcoming recall election to October 14, 2021; (2) require Secretary Weber to accept write-in candidates; and (3) require Secretary Weber to publish statements from write-in candidates. Proposed Order at 2.

The Court denies Plaintiff's TRO motion for the threshold reason that it is procedurally defective. Specifically, Federal Rule of Civil Procedure 65(b) provides that a court may issue a TRO without notice to the adverse party in limited circumstances where "specific facts in an

1

affidavit or a verified complaint *clearly show that immediate and irreparable injury*, loss, or damage will result to the movant result to the movant *before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). The movant must also "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed R. Civ. P. 65(b)(1)(B).

Civil Local Rule 65-1(b) further requires that "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." *Accord, e.g.*, *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 180 (1968) (holding that ex parte TRO was "clear[ly]" improper "in the absence of a showing that reasonable efforts to notify the adverse parties were unsuccessful").

Plaintiff has not provided specific facts in an affidavit or a verified complaint that "clearly show" why immediate irreparable harm will result to Plaintiff if the Court does not issue a TRO before Defendant can be heard in opposition. *See* Am. Compl., ECF No. 6 (unverified); Plaintiff's Decl., ECF No. 7-3 (failing to show why Defendant cannot be heard in opposition). Nor has Plaintiff shown that he has "deliver[ed] notice of [the TRO] motion to opposing counsel or party." Civ. L. R. 65-1(b). Instead, Plaintiff conclusorily asserts that he has "sent for service on [D]efendant"—even though Plaintiff has not filed any proof of service or other documentation that Defendant has received notice.

The Court thus DENIES Plaintiff's ex parte motion for a temporary restraining order without prejudice.

**IT IS SO ORDERED.**

Dated: July 30, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

2
Case No. 21-CV-05605-LHK
ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE