UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL LYNN GABRIEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHIRLEY N WEBER,<br><br>　　　　Defendant. | Case No. 21-CV-05605-LHK<br><br>**ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 7 |

Plaintiff Michael Lynn Gabriel brings this case *pro se* against California's Secretary of State Shirley N. Weber for alleged voting rights violations. Before the Court is Plaintiff's second motion for a temporary restraining order filed on August 3, 2021. ECF No. 14 ("second TRO motion"). Having considered the second TRO motion; the relevant law; and the record in this case, the Court DENIES Plaintiffs' second TRO motion.

**I.　BACKGROUND**

On July 29, 2021, Plaintiff filed *pro se* his first motion for an ex parte TRO against Secretary Weber. ECF No. 7 ("first TRO motion"). Plaintiff purported to act on behalf of the United States. *See* Proposed Order, ECF No. 7-4 ("Plaintiff United States' Ex Parte Application"); ECF No. 7 ¶ 13 (referring to "concurrently filed Memorandum of United States"). Plaintiff asked

the Court to (1) delay California's September 14, 2021 recall election to October 14, 2021; (2) require Secretary Weber to accept write-in candidates; and (3) require Secretary Weber to publish statements from write-in candidates. ECF No. 7-4 at 2.

On July 30, 2021, the Court denied Plaintiff's first TRO motion for the threshold reason that it was procedurally defective. ECF No. 10. Specifically, Federal Rule of Civil Procedure 65(b) provides that a court may issue a TRO without notice to the adverse party in limited circumstances where "specific facts in an affidavit or a verified complaint *clearly show that immediate and irreparable injury*, loss, or damage will result to the movant *before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). The movant must also "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed R. Civ. P. 65(b)(1)(B). Civil Local Rule 65-1(b) further requires that "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." *Accord, e.g.*, *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 180 (1968) (holding that ex parte TRO was "clear[ly]" improper "in the absence of a showing that reasonable efforts to notify the adverse parties were unsuccessful").

In denying Plaintiffs' first TRO motion, the Court found that Plaintiff had not provided specific facts in an affidavit or a verified complaint that "clearly show" why immediate irreparable harm will result to Plaintiff if the Court does not issue a TRO before Defendant can be heard in opposition. ECF No. 10 at 2 (citing Am. Compl., ECF No. 6 (unverified); Plaintiff's Decl., ECF No. 7-3 (failing to show why Defendant cannot be heard in opposition)). Nor did Plaintiff show that he has "deliver[ed] notice of [the TRO] motion to opposing counsel or party." Civ. L. R. 65-1(b). Instead, as the Court noted, Plaintiff had conclusorily asserted that he had "sent for service on [D]efendant"—even though Plaintiff has not filed any proof of service or other documentation that Defendant has received notice. ECF No. 10 at 2.

On August 3, 2021, Plaintiff filed the instant second ex parte TRO motion. ECF No. 14.

The second TRO motion is substantially like the first TRO motion with two exceptions. To start, the second TRO motion includes a second declaration by Plaintiff. Second Gabriel Decl., ECF No. 14-4. In addition, the second TRO motion includes a proof of service that Secretary Weber was served with the second TRO motion on August 2, 2021 at 2:09 p.m. ECF No. 14-6 (proof of service).

Otherwise, Plaintiff still asks the Court to (1) delay California's upcoming recall election to October 14, 2021; (2) require Secretary Weber to accept write-in candidates; and (3) require Secretary Weber to publish statements from write-in candidates. ECF No. 14-5 at 2. Plaintiff also still purports to act on behalf of the United States. ECF No. 14 ¶ 13, ECF No. 14-5 at 1.

On August 5, 2021, counsel for Secretary Weber filed a letter opposing Plaintiff's second TRO motion. ECF No. 15.

Also on August 5, 2021, Plaintiff filed a reply in support of his second TRO motion. ECF No. 16.

## II.   DISCUSSION

Plaintiff appears to have served his second TRO motion on Secretary Weber. ECF No. 14-6 (proof of service). Accordingly, the Court analyzes the second TRO motion on the merits. Because Plaintiff demands a ruling by August 5, 2021, the same day Plaintiff filed a reply in support of his second TRO motion, the Court's analysis is necessarily brief. *See* Second Gabriel Decl. ¶ 4 ("The court can wait through August 5 before ruling on the TRO"). For the reasons stated below, the Court concludes that the instant motion lacks merit.

The Court begins its analysis with the legal standard. The TRO is a remedy that "is so drastic and may have such adverse consequences." *Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n, PAA Chapter, AFL-CIO*, 306 F.2d 840, 843 (2d Cir. 1962); *accord, e.g.*, *Waste Mgmt., Inc. v. Deffenbaugh*, 534 F.2d 126, 129 (8th Cir. 1976) ("The issuance of a temporary restraining order is a drastic, equitable action on the part of the Court."). Thus, "[t]he test for granting a temporary restraining order is comparable to the test for granting an emergency writ" or preliminary injunction. *Freeman v. Cavazos*, 923 F.2d 1434, 1437 (11th Cir. 1991) (per

curiam).

The TRO test has four elements. Most relevant here, a plaintiff must "show[] that there is a likelihood of irreparable injury and that the injunction or TRO is in the public interest." *Nat'l Urb. League v. Ross*, 484 F. Supp. 3d 802, 805 (N.D. Cal. 2020) (original alteration omitted) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). A plaintiff must also show a likelihood of success on the merits and that the balance of hardships tips in his favor. *See All. for the Wild Rockies*, 632 F.3d at 1135 (summarizing test). Moreover, a court should be especially hesitant to enjoin the government where, as here, "the preliminary relief sought would interfere with state voting procedures shortly before an election." *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018).

Here, Plaintiff fails to show likelihood of irreparable injury, likelihood of success on the merits, and that the injunction is in the public interest. The Court analyzes each in turn. As for injury, Plaintiff alleges that irreparable harms that flow from his status as a write-in candidate for California's September 14, 2021 Governor Recall Election. *See, e.g.*, Second Gabriel Decl. ¶¶ 6 ("Defendant has previously rejected the Plaintiff's candidate statement solely because he is running as a write in candidate."), 35 (alleging harm because Plaintiff's name is not on the ballot). Plaintiff is a write-in candidate and not on the ballot because, as he concedes, he failed to "get the 65 signatures" needed to qualify as a "regular candidate." Memorandum in Support of TRO ¶ 15, ECF No. 14-1 ("Memo"). This "self-inflicted injur[y]" cannot establish Article III standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013). Without Article III standing, Plaintiff cannot show likelihood of success on the merits, let alone irreparable harm. Indeed, several courts have held that "a write-in candidate[] cannot establish that he will be irreparably injured by failing to appear as an affirmative candidate on the ballot." *Cronin v. Pennsylvania*, No. 1:10-CV-2253, 2010 WL 4434447, at *1 (M.D. Pa. Nov. 1, 2010); *accord, e.g.*, *Christian Populist Party v. Sec. of State*, 650 F. Supp. 1205, 1208 (E.D. Ark. 1987) (holding same).

As to the public interest, the United States Supreme Court has held that "[t]he State has the *undoubted* right to require candidates to make a preliminary showing of *substantial support in*

4

*order to qualify for a place on the ballot*, because it is both wasteful and confusing to encumber the ballot with the names of frivolous candidates." *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983) (emphasis added). Here, California has exercised its "undoubted right to require candidates" to gather 65 signatures in order to appear on the ballot. Memo ¶ 15 (conceding failure to meet 65-signature requirement); *accord* Cal. Secretary of State, *California Gubernatorial Recall Election - Frequently Asked Questions* (last visited Aug. 4, 2021), https://www.sos.ca.gov/elections/upcoming-elections/2021-ca-gov-recall/newsom-recall-faqs#ballot (detailing "candidate filing requirements to run as a replacement candidate"). The Court would violate this "undoubted right" by enjoining Secretary Weber as Plaintiff requests. *Anderson*, 460 U.S. at 788. Thus, like other courts have found in similar cases, the Court finds that injunctive relief here would harm the public interest. *See, e.g.*, *Christian Populist Party*, 650 F. Supp. at 1210 (analyzing *Anderson*, 460 U.S. 780); *Cronin*, 2010 WL 4434447, at *1 (holding that suspension of a state-wide election "is in complete contravention of the public interest).

In sum, Plaintiff fails to show how enjoining Secretary Weber will prevent irreparable harm or promote the public interest. Furthermore, given that Plaintiff's injury is likely self-inflicted by his failure to gather 65 signatures, Plaintiff fails to show Article III standing that would support a likelihood of success on the merits. Plaintiff thus fails to satisfy three of the four elements for issuance of a TRO—especially given the Supreme Court's many warnings "to tread carefully where preliminary relief would disrupt a state voting system on the eve of an election." *Short*, 893 F.3d at 676 (citing, *e.g.*, *Purcell v. Gonzalez*, 549 U.S. 1, 4–6 (2006)).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's second TRO motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 6, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge